## In re Anonymous No. 146 D.B. 91

Disciplinary Board Docket no. 146 D.B. 91.

To The Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

WITHEREL, *Member,* October 21, 1994—Pursuant to Rule 208(d)(2)(iii) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania herewith submits its findings and recommendations to your honorable court with respect to the above-captioned petition for discipline.

## I. PROCEDURAL HISTORY

Respondent, by order of the Supreme Court of Pennsylvania, dated October 11, 1989, was suspended from the bar of the Commonwealth for a period of four years, and directed to comply with Rule 217, Pa.R.D.E. in Disciplinary Board no. 16 D.B. 88. (Disciplinary Board no. [ ] Disciplinary Docket no. 2.)

On July 19, 1990, the Supreme Court of Pennsylvania, on a petition for reconsideration and re-argument, vacated the October 11, 1989 order and remanded to the Disciplinary Board.

The within petition alleged that respondent, from on or about November 10, 1989, until July 19, 1990, during

respondent's suspension from practice, engaged in the practice of law by pursuing an attorney/client relationship with [A], primarily for the purpose of attempting to transfer a child support proceeding from [    ] to [    ] County, Pennsylvania. This conduct occurred subsequent to the respondent's suspension and prior to the vacation of the suspension, and no stay had been ordered by the Supreme Court.

On June 5, 1992, after receiving evidence on said petition, the Hearing Committee found sufficient evidence to establish a prima facie violation of at least one of the disciplinary rules cited in the petition. The Hearing Committee, after considering the record, found that the respondent engaged in a pattern and practice of violating the court order dated October 11, 1989, and engaged in the practice of law in violation of R.P.C. 5.5(b). The Hearing Committee recommended a private reprimand for said conduct.

## II. FINDINGS OF FACT

The board finds no reason to disturb the findings of fact of the Hearing Committee, which read:

(1) The respondent, [    ], Esquire, is an attorney admitted to practice law in the Commonwealth of Pennsylvania, and his office is located at [    ].

(2) Respondent was born in 1936, and was admitted to practice law in Pennsylvania in 1963.

(3) Respondent is subject to disciplinary jurisdiction of the Disciplinary Board of the Supreme Court.

(4) By order of the Supreme Court of Pennsylvania, dated October 11, 1989, the respondent was suspended from the bar of this Commonwealth for a period of four years.

(5) Pursuant to Rule 217(d), Pa.R.D.E., respondent's suspension was effective on November 10, 1989.

(6) On or about October 26, 1989, the respondent filed a petition for reconsideration and re-argument with the Supreme Court of Pennsylvania, which petition requested leave that included a request for "a stay of this court's October 11, 1989 order. . . ."

(7) No stay of suspension was ever ordered by the Supreme Court of Pennsylvania.

(8) By order dated July 19, 1990, the Supreme Court vacated the respondent's suspension, granted his petition for reconsideration and re-argument and remanded the matter for additional testimony.

(9) From on or about November 10, 1989, until on or about July 19, 1990, during respondent's suspension from the practice of law within this Commonwealth, respondent engaged in the practice of law violating the court's order of suspension, in that he continued to pursue an attorney/client relationship with [A], primarily for the purpose of attempting to have outside of state, child support proceedings transferred to [   ] County, Pennsylvania, as set forth in the details of the charge hereinbefore listed.

(10) Respondent further engaged in the practice of law by writing a $600 check on an attorney's account during the period of time that the respondent was suspended from the practice of law.

## III. CONCLUSIONS OF LAW

The board finds that, based upon the facts, respondent is liable for violation of the following disciplinary rules of the Code of Professional Responsibility: R.P.C. 5.5(b). A lawyer should not practice law in a jurisdiction

where to do so would be in violation of regulations of the profession of that jurisdiction.

## IV. DISCUSSION

As noted by the Hearing Committee, respondent has been actively engaged in the practice of law since 1963, and has had six prior infractions in addition to the instant case. Respondent continued to forward letters on [A's] behalf to court personnel and wrote a check upon his attorney's account while he was under suspension. In some cases, he utilized an attorney's letterhead, and did not state that he was suspended. Rather, he advised court officers and other individuals that he was "no longer practicing law in Pennsylvania." Even though he was eventually reinstated and the matter was remanded, it is clear that the respondent was unauthorized to practice law during the period of suspension, and he continued to wind up his practice beyond the 30 day limit established by Rule 217(d), Pa.R.D.E.

Even though the Hearing Committee found that the respondent, with the exception of the [A] matter, completely closed down his practice and transferred all of his files to other competent counsel, and notified all of his clients of his suspended status, he did not do so in the [A] matter. He wrote four letters to [B], Director of the [    ] Department of Child Support Enforcement, on January 4, 1990, February 2, 1990, February 27, 1990 and March 28, 1990. He did not advise [B] that he has been suspended or was unable to practice law, and forwarded a $600 check written on his attorney's account to [B] on [A's] behalf under the February 27, 1990 correspondence. He also forwarded a letter to the Honorable [C], a [    ] judge, dated March 19, 1990, wherein he did not inform the judge that he was under suspension. It is also true that he wrote other letters

on behalf of [A], wherein he noted that he was no longer practicing law in Pennsylvania, and in one instance in a letter to one [D], the respondent noted he was expected to be reinstated. However, this was not sufficient under the rules, and clearly violated the suspension order and the 30 day time limit for winding up affairs on behalf of clients established by Rule 217(d), Pa.R.D.E.

This board cannot condone any circumvention of an order of suspension by the Supreme Court of Pennsylvania. The board respectfully recommends that the respondent be publicly censured for his misconduct. It is further recommended that the court direct that respondent pay all the necessary expenses incurred in the investigation and processing of this matter pursuant to Rule 208(g), Pa.R.D.E.

Mr. Powell dissented. Messrs. Sloane and Kerns recused themselves. Messrs. Schiller and Leonard did not participate in the adjudication.

## ORDER

And now, March 6, 1995, upon consideration of the briefs filed, it is ordered that respondent be and he is suspended from the bar of this Commonwealth for a period of three years, and he shall comply with all the provisions of Rule 217, Pa.R.D.E. It is further ordered that respondent shall pay costs to the Disciplinary Board pursuant to Rule 208(g), Pa.R.D.E.

Mr. Justice Montemuro, who is sitting by designation, did not participate in this matter.

Messrs. Justice Zappala and Cappy dissent and would accept the recommendation of the Disciplinary Board that respondent be publicly censured.

## ORDER

And now, June 20, 1995, the motion for reconsideration, as supplemented, is granted, the order entered by this court on March 6, 1995, is vacated, and it is hereby ordered that respondent be subjected to public censure by the Supreme Court. It is further ordered that respondent shall pay costs to the Disciplinary Board pursuant to Rule 208(g), Pa.R.D.E.

Mr. Justice Montemuro, who is sitting by designation, did not participate in this matter.

Mr. Chief Justice Nix dissents and continues to be of the view that a three year suspension is appropriate.

Mr. Justice Flaherty dissents.